## HILLIARD *v.* BOTHELL & *Tr.*

A loan by the plaintiff of his own check, which the borrower uses as money, is like the loan of money.    It is not necessary that the check should be paid by him before commencing a suit to recover the amount of it from the borrower.

ASSUMPSIT.    Facts found by a referee.    September 13, 1884, the plaintiff loaned the defendant his check on the Littleton National Bank for $235, upon the agreement that the defendant should, on the following Wednesday, deposit in said bank the amount of the check to the plaintiff's credit; and on September 30 loaned him another check of the same description for $225, with a like agreement.    The defendant did not deposit the amount of the checks according to his promise, and when they were presented for

payment at the bank he had drawn upon his account so that he had not funds there to pay them. The $235 check was negotiated by the defendant to one Stevens as collateral security for cattle which he bought from Stevens, with the request that he would hold it for a few days. The defendant afterwards paid Stevens $100 towards his indebtedness, leaving an unpaid balance of $131, which sum the plaintiff paid Stevens to get up his check. Stevens had at that time been trusteed in a suit against the defendant, and the plaintiff was obliged to pay and did pay $85 to procure the discharge of the trustee process. October 10 the plaintiff, learning that the defendant had failed, presented the check for payment, which was refused. The $225 check was used by the defendant in his business, and reached the bank in due course, when it was protested for non-payment, of which the plaintiff received notice October 4. The plaintiff afterwards, on the day the trial before the referee commenced, paid the amount of that check to a *bona fide* holder who took it from the defendant. This suit was commenced October 6, 1884. An item of $66, in the plaintiff's specification, with interest since October 1884, was found to be due. Two items amounting to $10, accrued since the date of the writ. The question reserved was the amount for which the plaintiff should have judgment.

*Aldrich & Remich* and *J. H. Dudley*, for the plaintiff.

*Drew & Jordan* and *W. & H. Heywood*, for the defendant.

BLODGETT, J. There can be no recovery upon the two items, amounting to $10, which did not become due until after the action was commenced. An action does not lie until a cause of action has accrued.

As to the checks, the case stands as it would if the plaintiff had loaned the defendant a like amount of money. Having treated and used the checks as money, the defendant is chargeable for them as money. *Mathewson* v. *Powder Works*, 44 N. H. 289, 291, 292, and cases cited; 4 Wait Act. & Def. 470, 472, 474. In this view it is immaterial whether the plaintiff paid the checks before or after suit. They were simply evidence of the defendant's indebtedness to him, which might be procured after suit as well as before, without in any way affecting the rights of either party. The test is not the time when the checks were actually paid, but whether the loan of them to the defendant, upon the agreement and under the circumstances detailed in the referee's report, gave the plaintiff a cause of action against him at the date of the writ; and that it did we are entirely satisfied.

*Judgment for the plaintiff accordingly.*

CLARK, J., did not sit: the others concurred.